UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02106-JRS-TAB |
| | ) |
| COLONIAL COIN LAUNDRY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

Plaintiff filed this action on July 22, 2021, alleging defendant violated the Americans with Disabilities Act. (ECF No. 1.) After screening the complaint, the Court dismissed it and granted Plaintiff leave to file an amended complaint. (ECF No. 6.) On November 1, 2021, the Court dismissed the amended complaint for failure to state a claim on which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 11.) The dismissal was with prejudice and judgment entered the same day. (ECF No. 12.) The Court now addresses Plaintiff's three post-judgment motions.

**Post-Judgment Procedural History**

On November 4, 2021, Plaintiff filed a Motion to Vacate Judgment, (ECF No. 13), and a Notice of Appeal, (ECF No. 14 and ECF No. 18). Plaintiff's appeal was docketed by the Seventh Circuit Court of Appeals on November 9, 2021, as case no. 21-3097. The Notice of Appeal included Plaintiff's requests to appeal *in forma pauperis* (IFP) and for appointment of counsel on appeal. The next day, November 10, the Court of Appeals issued an order directing the appellate Clerk to transfer the

IFP motion to this Court (No. 21-3097 Dkt. 5-1.) Also on November 10, the Court of Appeals issued an order to Plaintiff which (1) noted the filing of Plaintiff's Motion to Vacate Judgment below, (2) observed that the motion may be a timely Rule 59 motion and therefore Plaintiff's appeal may be premature because the motion had not been ruled on, and (3) ordered Plaintiff to file a memorandum stating why his appeal should not be stayed or a motion for voluntary dismissal. (No. 21-3097 Dkt. 6.)

On November 17 and 18, 2021, in this Court and the Court of appeals, respectively, Plaintiff filed a motion "to withdraw his appeal without prejudice." (ECF No. 19, No. 21-3097 Dkt. 7.) The Court of Appeals denied the motion, noting that "it appears that the appellant may wish to reserve the right to reopen this appeal at a later date."

The Court now rules on Plaintiff's motions pending in this Court.

## **Motion to Vacate Judgment**

The Court construes Plaintiff's motion to vacate as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006) (finding a similar motion was "deemed filed under Rule 59(e) even if, as in this case, the motion is not labeled a Rule 59(e) motion and, again as in this case, does not say 'alter or amend' (the language of Rule 59(e)), but instead uses a synonym, such as 'vacate' or 'reconsider'").

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident*

*Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). It is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In his motion, Plaintiff lists six complaints with this Court's dismissal order:

1. The Court recommended that this plaintiff amend his claim showing how the ADA was in play with his service dog Sammy.

2. This Court did not determine that the first claim should be dismissed for failure to state a claim, but suggested that the plaintiff enhance his case by amending the claim.[1]

3. The plaintiff amended the claim, and this Court still issued a ruling that the claim should be dismissed for failure to state a claim.

4. The Court made an error in its judgment, and the judgment should be set-aside and the case approved for filing and to proceed.

5. This court has shown a pattern of discrimination and not being impartial. Why didn't the Court dismiss the initial filing, rather than waste the plaintiff's cost of materials in suggesting that he amend his complaint and then sit for weeks only to receive a notice of dismissal[?]

6. The Court should review the laws for recuals (sic) and replace this sitting judge with another judge that is more partial to people who are disabled.

(ECF No. 13 at 1.) The remainder of Plaintiff's motion consists of four paragraphs reciting disability statutes and related case law. It contains no argument, points to no error in the dismissal order or judgment, and provides no citations to the dismissal order or any other document in the record. Plaintiff has failed to show any manifest error of law or fact that would permit the Court to grant relief under Rule 59(e).

---

[1] The Court dismissed Plaintiff's original complaint for lack of standing because Plaintiff failed to demonstrate an injury in fact. (ECF No. 6 at 5.) The dismissal order also noted that any amended complaint must address whether Plaintiff has a qualifying disability and whether his dog is necessary under the ADA. *Id.* The Court ultimately concluded that Plaintiff's amended complaint, which entirely superseded the original complaint, did not remedy that noted deficiency and dismissed it for failure to state a claim. (ECF No. 11 at 5.)

Plaintiff's Motion to Vacate Judgment, (ECF No. 13), is therefore **DENIED**. Further, Plaintiff has provided no legitimate basis for recusal, so any such request is likewise **DENIED**.

## Motion to Appeal *In Forma Pauperis*

Plaintiff's Notice of Appeal contains a request to proceed on appeal *in forma pauperis*. (ECF No. 18.) He states, "as previously noted in the request to waive filing fees, this plaintiff is without sufficient means to cover the cost to file this appeal." Plaintiff did not include the required affidavit, statement of issues, or list of assets and income. And even if, as Plaintiff avers, the pauper status granted to file in this Court carries over to this appeal, the district court may still deny him leave to appeal without prepaying fees if he is not otherwise eligible for pauper status.

The Court has serious doubts that Plaintiff does not have the means to pay the appellate filing fee. As recently as December 1, 2021, Plaintiff was denied leave to file a case in this Court without prepaying the filing fee because the Court concluded that his "allegation of poverty is untrue." *Martin v. The Kroger Co.*, No. 1:21-cv-02821-TWP-MG, ECF No. 4 (S.D. Ind. Dec. 1, 2021). The Court found "substantial evidence . . . that Plaintiff receives additional income that he has not disclosed." *Id.* at 3. Not only did Plaintiff claim fixed monthly expenses exceeding his stated income, Plaintiff's filings in other cases in this Court revealed that he has "sufficient income to drive long distances, stay in hotels, and play slot machines at casinos throughout Indiana." *Id.* (internal citations omitted). Plaintiff's request to proceed on appeal *in forma pauperis* (ECF No. 18) is **DENIED**.

Plaintiff also requests that this Court appoint him counsel to perfect his appeal. (ECF No. 18.) Plaintiff cites Seventh Circuit authority stating "this court regularly recruits counsel to represent prisoners whose appeals have been certified because the cases are demonstrably colorable and the law is complex." *Lavin v. Rednour*, 641 F.3d 830, 834 (7th Cir. 2011). As an initial matter, the cited authority has no applicability here. Plaintiff made his motion in the wrong court, he is not a prisoner, this is not a collateral attack on plaintiff's criminal conviction or sentence, and there is no certification process for non-prisoner civil appeals. Additionally, Plaintiff is well-versed in federal court litigation and even if this Court could appoint counsel at this juncture, it would not do so. *See Martin v. The Kroger Co.*, No. 1:21-cv-02821-TWP-MG, ECF No. 4 (S.D. Ind. Dec. 1, 2021) (reciting Plaintiff's history of filing lawsuits in this Court, including thirteen filed in 2021 alone). Plaintiff's request to appoint counsel (ECF No. 18) is **DENIED**.

## Motion to Withdraw Appeal Without Prejudice

This motion, captioned in the Court of Appeals, was docketed in that court on November 18, 2021, as a motion to dismiss the appeal pursuant to Fed. R. App. P. 42(b). Plaintiff filed the same document in this Court on November 17, 2021. (ECF No. 19.) On November 19, 2021, the Court of Appeals denied Plaintiff's motion. To the extent the motion remains pending in this Court, it is **DENIED** because Plaintiff's appeal has already been docketed in the Court of Appeals. *See* Fed. R. App. P. 42(a) (providing that a district court may dismiss an appeal before it has been docketed by the circuit clerk).

## **Conclusion**

For the reasons discussed above, Plaintiff's motions to vacate judgment, (ECF No. 13), to proceed on appeal in forma pauperis and appoint counsel on appeal (ECF No. 18), and to withdraw appeal, (ECF No. 19), are **DENIED**.

IT IS SO ORDERED.

Date: 2/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

James Martin
735 1/2 Center Street
Shelbyville, IN 46176